**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis SOTELO–RIVERA,
Defendant–Appellant.**

**No. 89–10082.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1990.

Decided June 26, 1990.

---

12.  Cal.Welf. and Inst.Code § 14009.5(a) (emphasis added).

13.  Cal.Welf. and Inst.Code § 14053. "Payment" is not defined.

Jose H. Robles and Frank R. Zapata, Asst. Federal Public Defenders, Tucson, Ariz., for defendant-appellant.

Joelyn D. Marlow, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before WALLACE, ALARCON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Jose Luis Sotelo–Rivera ("Sotelo") appeals from his conviction for possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) (1988). Sotelo claims the trial court erred

in denying his motion for judgment of acquittal and in refusing to instruct the jury on the lesser-included offense of possession with intent to distribute less than 100 kilograms of marijuana. We reverse and remand.

## FACTS AND PROCEEDINGS

At about 7:00 p.m. on October 3, 1988, U.S. Customs Special Agent Lee Morgan was traveling north on Leslie Canyon Road approximately six miles from Douglas, Arizona. At that time, Agent Morgan noticed a man wearing a white baseball cap, T-shirt, blue jeans, and white tennis shoes walking south towards Douglas. After continuing north one-half mile, Morgan discovered a green and white Blazer parked on the roadside facing south.

Morgan continued up the road, but returned to the Blazer ten minutes later. He noticed that the Blazer's left rear tire was flat. Using a flashlight and the headlights of his car to illuminate the area, Morgan spotted the Blazer's spare tire, torn and flat, in the front passenger seat. Morgan also saw what appeared to be five bundles of marijuana in the back of the Blazer.

Morgan and two other agents maintained surveillance of the Blazer until 10:30 p.m., when a Ford van travelling north made a "U-turn" and parked right next to it. Morgan and another agent approached the van and Blazer in a vehicle and, at a distance of about twenty-five yards, turned on the headlights in time to observe an individual moving back and forth between the back of the Blazer and the van. Upon identifying themselves as police officers, the suspect began to run into the desert, but stopped upon command. After his arrest, it was discovered the suspect, the defendant Sotelo, had keys to the Blazer and was also the owner of the Ford van. Sotelo was wearing a white ball cap, T-shirt, blue jeans and tennis shoes, although Morgan could not identify him as the same individual he had seen three and a half hours earlier.

Morgan testified that the backs of both vehicles were open and that two bundles of marijuana were found in the Blazer while three bundles were found in the van. None of the agents saw Sotelo handle or transfer any of the bundles. All five bundles together weighed over 100 kilograms, for a total of 328 pounds. Sotelo told the officers that the Blazer and marijuana belonged to Jorge Antonio Medina and that Medina had hired him to change the flat tire on the Blazer for $150.00. Sotelo's wife testified that her husband was with her all day and into the evening, but that he had left with the van at 10:00 p.m. after being visited by a man whom she thought was Medina.

On November 2, 1988, Sotelo was indicted for possession with intent to distribute more than 100 kilograms (or 328 pounds) of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). A jury found Sotelo guilty as charged in the indictment. The court denied Sotelo's request for an instruction that if the jury found he possessed only the three bundles found in the van, he could be acquitted of the greater offense of possession of more than 100 kilograms of marijuana, but found guilty of the lesser-included offense of possession with the intent to distribute less than 100 kilograms of marijuana. The court also denied Sotelo's motion for judgment of acquittal.

On February 13, 1989, the district court sentenced Sotelo to five years imprisonment followed by four years of supervised release. Sotelo timely appeals from the judgment and sentence.

## DISCUSSION

### I. JUDGMENT OF ACQUITTAL

■ Sotelo moved pursuant to Fed.R. Crim.P. 29 for a judgment of acquittal based on the government's failure to present sufficient evidence that he "possessed" more than 100 kilograms (all five bundles) of marijuana. Rule 29(a) provides

that the court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." "We review the denial of a motion for judgment of acquittal ... to determine whether, viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." *United States v. Sarault,* 840 F.2d 1479, 1487 (9th Cir.1988).

In order to sustain a conviction of the crime charged in the indictment, the government had to prove Sotelo had "dominion and control" over all five bundles of marijuana. *See United States v. Castillo,* 866 F.2d 1071, 1086 (9th Cir.1988). Dominion and control can be established by proof of actual physical custody or constructive possession. *Id.* Constructive possession exists if the person "has sufficient dominion and control to give him the power of disposal." *Id.* Moreover, " '[i]f the defendant has exclusive control over the premises where contraband is found, then control may be inferred.' " *Id.* (quoting *United States v. Rodriguez,* 761 F.2d 1339, 1341 (9th Cir.1985)).

It is clear Sotelo had actual physical custody of the three bundles of marijuana found in his van. The jury could also have reasonably concluded from the evidence that Sotelo constructively possessed the other two bundles: he was alone, he had keys to the Blazer, and three of the five bundles from the Blazer were found in his van. Under these circumstances, we find that the conviction was supported by the evidence.

## II. LESSER–INCLUDED OFFENSE INSTRUCTION

Sotelo argues that the trial court erred in failing to instruct the jury on the lesser-included offense of possession of less than 100 kilograms of marijuana with the intent

to distribute. The government responds that Sotelo was not entitled to a lesser-included instruction or, in the alternative, that the verdict form used in this case was functionally equivalent to a lesser-included instruction.

This court has interpreted Fed.R. Crim.P. 31(c) [1] as granting a defendant the "right" to a requested lesser-included offense instruction if the evidence warrants it. *United States v. Crutchfield,* 547 F.2d 496, 499–500 (9th Cir.1977). Simply stated, while the court has broad discretion in formulating the jury instructions, "[t]he district court must give an instruction regarding any legitimate theory of defense that is supported by the evidence, and a failure to do so is reversible error." *United States v. Polizzi,* 801 F.2d 1543, 1549 (9th Cir. 1986) (citations omitted).

We have not resolved the intra-circuit conflict over whether a district court's denial of a proposed jury instruction is reviewed de novo or for abuse of discretion. *See United States v. Whitehead,* 896 F.2d 432, 434 (9th Cir.1990). In *United States v. Wagner,* 834 F.2d 1474, 1487 (9th Cir. 1987), we stated that "[t]he trial court is in a better position to determine whether there is sufficient evidence to give a lesser included offense instruction, and its determination will not be disturbed on appeal without an abuse of discretion." *Id.* (quotation omitted); *accord United States v. Linn,* 880 F.2d 209, 217 (9th Cir.1989). Conversely, in *United States v. Sneezer,* 900 F.2d 177, 178 (9th Cir.1990) (citing *United States v. Komisaruk,* 885 F.2d 490, 497 (9th Cir.1989)), we reviewed the district court's decision regarding Rule 31(c) de novo.

We need not resolve this intra-circuit conflict here today. The district court determined that a lesser-included offense instruction was warranted, but chose instead to present the issue by way of a special verdict form. The court did not abuse its discretion in determining that there was

---

**1.** Rule 31(c) provides: "The defendant may be found guilty of an offense necessarily included in the offense charged...."

sufficient evidence to present the lesser-included offense to the jury. Moreover, reviewing that decision de novo, we also find that a lesser-included offense instruction was warranted by the evidence.

■ A two-part test is used to determine whether a defendant is entitled to a lesser-included offense instruction: " 'First, the defendant must identify the lesser-included offense. Second, the defendant must demonstrate that a rational jury could find the defendant guilty of the lesser included offense but not the greater.' " *United States v. Linn*, 880 F.2d 209, 218 (9th Cir. 1989) (quoting *United States v. Pace*, 833 F.2d 1307, 1314 (9th Cir.1987), *cert. denied*, 486 U.S. 1011, 108 S.Ct. 1742, 100 L.Ed.2d 205 (1988)). In discussing the availability of a lesser-included offense instruction, the Supreme Court has stated,

'[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it ... [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' *Berra v. United States*, [351 U.S. 131, 134, 76 S.Ct. 685, 687–688, 100 L.Ed. 1013 (1956) ].... A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.

*Sansone v. United States*, 380 U.S. 343, 349–50, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) (citation omitted).

■ In this case, evidence giving rise to the dispute was that Sotelo was at the hospital with his wife and mother all day until about 8:30 p.m. The testimony of Sotelo's wife that he left the house at 10:00 p.m. after a visit by Medina corroborates Sotelo's statement that he was hired by Medina to change the flat tire. There is evidence Sotelo, a car mechanic by trade, had repaired Medina's vehicles in the past. A rational jury could conclude that while on this mission, Sotelo decided to take several bundles of marijuana from the Blazer.

Accordingly, the jury could reasonably conclude that Sotelo only "possessed" those bundles which he had taken. We thus find that a rational jury could have found that Sotelo possessed only the three bundles of marijuana found in his van.

■ While determining that a lesser-included offense instruction was appropriate, the court chose to present the issue by way of the special verdict form. The verdict form first asked the jury whether Sotelo was guilty or not guilty of the crime "as charged in the Indictment." If the jury found him guilty of that crime, then they were asked to identify "the amount of Marijuana that [Sotelo] possessed with intent to distribute."

Generally, the refusal to give a particular instruction is not subject to objection if the charge given adequately covers the theory of defense. *See United States v. Skinner*, 667 F.2d 1306, 1310 (9th Cir.1982) (per curiam), *cert. denied*, 463 U.S. 1229, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983). We find that the special verdict form was not functionally equivalent to a lesser-included offense jury instruction and did not adequately cover the theory of the defense. The indictment charged Sotelo with possessing 328 pounds of marijuana. Thus, in answering the first question, the jury had to either acquit him or find him guilty of possessing 328 pounds of marijuana. By answering the first question in the affirmative, the jury was required to find 328 pounds as the amount in the second question. As such, the special verdict form did not give the jury the opportunity to consider the lesser-included offense and hence its use by the trial court in place of an instruction was an abuse of discretion.

Accordingly, the conviction is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I concur in part I of the majority opinion. Because I do not believe that a lesser-included offense instruction was necessary, I

respectfully dissent from part II and from the judgment.

"Entitlement to a lesser-included offense instruction turns on completion of a two-step process. 'First, the defendant must identify the lesser-included offense. Second, the defendant must demonstrate that a rational jury could find the defendant guilty of the lesser included offense but not the greater.'" *United States v. Linn,* 880 F.2d 209, 218 (9th Cir.1989), *quoting United States v. Pace,* 833 F.2d 1307, 1314 (9th Cir.1987), *cert. denied,* 486 U.S. 1011, 108 S.Ct. 1742, 100 L.Ed.2d 205 (1988). In *Linn,* we held that no lesser-included offense instruction was necessary because "[a] rational jury could not have convicted appellant of any lesser-included offense without relying on the precise evidence which establishes [his] guilt of the offenses charged." 880 F.2d at 218.

Sotelo contends that he was entitled to an instruction on the lesser-included offense of possession with intent to distribute less than 100 kilograms of marijuana. However, he has failed to demonstrate that a rational jury could find him guilty of this offense without relying upon the precise evidence which establishes his guilt of the greater offense. If the jury believed that Sotelo possessed the three bales of marijuana found in his van, they must have believed that he was in the process of moving the marijuana from the Blazer to the van. The facts dictate this conclusion. The arresting agents testified that they observed an individual moving back and forth between the Blazer and the van. Sotelo was the only individual present at the scene. He had the keys to the Blazer in his pocket. The backs of both vehicles were open, and three bales of marijuana from the Blazer were found in his van.

Under these circumstances, no rational jury could conclude that Sotelo exercised dominion and control over the three bales of marijuana found in his van without first finding that he exercised dominion and control over all of the marijuana when he began to unload the Blazer.

Although Sotelo may not have taken actual physical possession over the two bales of marijuana that remained in the Blazer, "[t]he Government may demonstrate dominion and control by proof of ... constructive possession." *United States v. Castillo,* 866 F.2d 1071, 1086 (9th Cir.1988). "A person has constructive possession of an object if he has sufficient dominion and control to give him the power of disposal." *Id.* At the time Sotelo began to unload the marijuana from the Blazer, he had the power to dispose of all five bales of marijuana. Moreover, "a defendant's exclusive dominion over property on which contraband is found is strong circumstantial evidence of possession." *United States v. Savinovich,* 845 F.2d 834, 837 (9th Cir.), *cert. denied,* 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). Sotelo had exclusive control over the van and the Blazer at the time of his arrest. A finding that he possessed all five bales of marijuana necessarily follows. "What is fairly inferable from the evidence must be based on reason, calling on the understanding imparted by experience." *United States v. Thornton,* 746 F.2d 39, 48 (D.C.Cir.1984), *quoting United States v. Sinclair,* 444 F.2d 888, 890 (D.C.Cir.1971).

In *Thornton,* the District of Columbia Circuit held that a lesser-included offense instruction on simple possession of heroin was properly denied when the evidence revealed that a much larger cache of heroin was located within "easy reach" of the defendant. 746 F.2d at 48. The court stated that "[a] reasonable jury, examining all the evidence, simply would not totally ignore the large cache of heroin and base its verdict solely on the small quantity...." *Id.* Similarly, I would hold that a rational jury could not ignore the doctrine of constructive possession and find Sotelo guilty of possessing less than 100 kilograms of marijuana.

I would affirm the judgment of conviction.