927 F.2d 611
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Oliver BUTLER, Defendant-Appellant.
 
 1
 No. 87-5113.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted Nov. 7, 1990.*
Decided Feb. 21, 1991.
 
 3
 Appeal from the United States District Court for the Central District of California; No. CR-86-1138-ER, Edward Rafeedie, District Judge, Presiding.
 
 
 4
 C.D.Cal.
 
 
 5
 AFFIRMED.
 
 
 6
 Before D.W. NELSON, REINHARDT, Circuit Judges, and SINGLETON,** District Court Judge.
 
 
 7
 MEMORANDUM***
 
 
 8
 Roger Butler appeals from a final judgment of conviction, following a jury trial, for robbery of a mail custodian, see 18 U.S.C. Sec. 2114, and theft of postal property, see 18 U.S.C. Sec. 1707. Butler claims that the district court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence.
 
 I. Facts
 
 9
 At approximately 10:15 a.m. on December 9, 1986, a robber entered the Muscoy Contract Station Post Office in San Bernardino, California. He approached Carol J. Anderson, the only clerk in the small post office, and asked her to exchange a dime for ten pennies, which she did. Ms. Anderson did not notice the robber's face at this time, since she was preoccupied with an elderly customer. The robber left the post office without committing any wrongful act, but returned approximately five minutes later.
 
 
 10
 The robber again approached Ms. Anderson, who was still helping the same customer, and this time requested a phone book. Ms. Anderson looked the robber squarely in the face for several seconds and informed him that he would have to wait. The robber then climbed onto the postal counter and grabbed the money tray. A struggle over the tray ensued between Ms. Anderson and the robber, who were less than a foot apart. Ms. Anderson again looked directly into the face of the robber during the struggle. After an uncertain period of time, the robber reached out to strike Ms. Anderson, prompting her to duck and release the tray. He slid off of the counter and disappeared from Ms. Anderson's sight at approximately 10:30 a.m. Defendant Butler was arrested on December 10, 1986, one day after the robbery.
 
 
 11
 The only controverted issue at trial was the identity of the robber. The government's case against Butler was based primarily on two eyewitnesses, Ms. Anderson and Betty Console. After the jury found Butler guilty on both counts, he moved for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, based on the government's alleged failure to present sufficient identification evidence. The district court denied the motion.
 
 II. Analysis
 A. Standard of Review
 
 12
 Viewing the evidence in the light most favorable to the government, we review the denial of a motion for judgment of acquittal to determine whether there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt. United States v. Sotelo-Rivera, 906 F.2d 1324, 1327 (9th Cir.1990).
 
 
 13
 B. Reliability of the Eyewitness Identifications
 
 
 14
 Butler contends that the discrepancy between the eyewitnesses' initial identification of the perpetrator and the reality of his own characteristics required the trial court to enter a judgment of acquittal. That is, he asserts that the district court should have found the eyewitnesses' testimony unreliable as a matter of law, since both eyewitnesses stated that the robber did not have any facial hair yet identified Butler, although he had a full goatee and mustache.
 
 
 15
 In determining the sufficiency of identification evidence, consideration is given to the opportunity for identification, the lapse of time between the crime and the identification, the extent of emotion, such as extreme fright, experienced by the witness, and the extent that the initial description comports with the accused. United States v. Smith, 563 F.2d 1361, 1363 (9th Cir.1977), cert. denied, 434 U.S. 1021 (1978). On appeal, Butler challenges the identification evidence on the basis of the last prong only, claiming that the eyewitnesses' initial description does not comport with his physical characteristics.
 
 
 16
 Butler correctly notes the inconsistency between Ms. Anderson's and Ms. Console's initial description of the perpetrator and their later identification of Butler as the robber. The inconsistency was argued before the jury. We cannot say as a matter of law that it was such as to warrant setting aside the jury's determination.
 
 
 17
 Notwithstanding the inaccuracy of their initial descriptions, both Ms. Anderson and Ms. Console had a sufficient opportunity to view the robber. Several days after the robbery, Ms. Anderson stated that two individuals in a photospread, one of whom was Butler, "looked like" and "had heads shaped like" the robber. She later identified Butler from a lineup of six persons.[1] At trial, Ms. Anderson stated that she was sure she had selected the right person because of his face, his hair, and his eyes.
 
 
 18
 Ms. Console, who had accompanied the elderly customer to the post office, was seated in her car approximately fifteen feet from the post office entrance at the time of the robbery. Ms. Console testified that she had an unobstructed view of the post office entrance through her rearview mirror throughout the period in which the robbery took place. According to her testimony, she observed the robber when he first existed the post office, when he reentered the post office, and when he exited the post office with the money tray. Although Ms. Console told Inspector Dolter that she did not see any facial hair on the robber, she identified Butler, who was pictured with his full goatee and mustache, from a photospread. When questioned about her failure to describe or recall the robber as having facial hair, Ms. Console stated that she was certain that she had identified the right man despite Butler's facial hair.
 
 
 19
 Butler's conviction demonstrates that the jury believed the identification testimony of the two eyewitnesses and the prosecution's argument that it was possible under the circumstances for the witnesses to fail to observe Butler's facial hair. The jury apparently did not find convincing the testimony of the defendant and his alibi witness.[2]
 
 
 20
 The jury was clearly entitled to make such credibility determinations among the various witnesses. See United States v. Lawrence, 699 F.2d 697, 703 (5th Cir.1983). It is not the function of the court of appeals to "reweigh the evidence and pass on the credibility of witnesses." United States v. Hopkins, 486 F.2d 360, 362 (9th Cir.1973).
 
 
 21
 The prosecution also introduced evidence placing Butler at the scene of the crime. Kathy Tolbert, an employee at the Carpenter's Local 1959, did not see the robbery or anyone she suspected to be the robber, but testified that she observed Butler in the building, where he obtained a job referral, on the morning of the robbery. Judith Dewberry offered confirming testimony by stating that any union member receiving a job referral would have to be at the office between 8 and 9 a.m. Thus, the evidence showing that Butler was at the scene of the crime, albeit earlier in the morning, tends to lend some degree of corroboration to the eyewitness testimony.
 
 III. Conclusion
 
 22
 We recognize the vagaries of eyewitness identification, as "the annals of criminal law are rife with instances of mistaken identification." United States v. Wade, 388 U.S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967); see also United States v. Butler, 636 F.2d 727, 730 (D.C.Cir.1980). The jury's decision in this case is particularly troublesome because both eyewitnesses who identified Butler as the robber also stated that the robber did not have facial hair. Nevertheless, given the identification of Butler as the robber by the two eyewitnesses, and the fact that there was some corroboration of those identifications in the form of evidence placing Butler at the scene of the crime, we cannot find the eyewitness identification unreliable as a matter of law. We are influenced by the district court's observation that it did not believe the testimony of Butler or his alibi witness. We ourselves have carefully reviewed the record and also find that testimony less than persuasive. Although this case leaves us with some unanswered questions and a certain degree of discomfort, viewing the evidence in the light most favorable to the government, we are compelled to hold that there was sufficient evidence for a jury reasonably to conclude that Butler committed the crimes of which he was charged.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Hon. James R. Singleton, District Court Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Butler was the only person in the lineup who had been depicted in the photospread. However, Butler does not contend on appeal that the lineup identification resulted from undue suggestion on the part of the police. We therefore do not address that question on appeal and assume that the lineup procedure was proper
 
 
 [2]
 Steve Thompson, Butler's cousin, testified that he and Butler were visiting relatives during the time the robbery occurred. The jury's verdict demonstrates that it did not find the alibi testimony credible. Indeed, at sentencing, the district judge stated that he was persuaded that the verdict was correct and believed that Butler and Thompson had perjured themselves