951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Van WINROW, Defendant-Appellant.
 No. 89-50664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided Dec. 16, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Winrow appeals his convictions for possession of cocaine with the intent to distribute and for being an ex-felon in possession of a firearm. We affirm.[1]
 
 
 3
 Winrow argues there was insufficient evidence he possessed the cocaine. Four law enforcement officers testified Winrow admitted possession. A rational trier of fact could find this sufficient evidence to convict.
 
 
 4
 Winrow argues the district judge should have ordered the prosecution to disclose the identity of confidential informants used to obtain a search warrant. Disclosure is not necessary if an informant is used solely to establish probable cause. United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). No informant was called as a witness, and Winrow presented nothing more than speculation that disclosure of an informant's identity might have been relevant to his defense. Mere speculation is not enough to require disclosure. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990). The district judge did not abuse his discretion by refusing to order disclosure or in declining to hold an in camera hearing before ruling on Winrow's motion to compel disclosure.
 
 
 5
 In addressing the venire, the district judge mentioned Winrow was accused of possessing "a large amount of cocaine." Winrow moved for a mistrial, arguing the description of the amount as "large" might have prejudiced the jury into believing it was too much cocaine to possess for personal use. At trial, the prosecution introduced evidence as to exactly how much cocaine Winrow was accused of possessing: 151.9 grams of 94 percent pure cocaine base. An expert witness testified this was enough rock cocaine for several hundred doses. In light of the detailed evidence of the exact amount of cocaine, the district judge's description of the amount as "large" would not have influenced the jury. It was not error for the district court to deny the motion for a mistrial.
 
 
 6
 During the trial, a prosecution witness made a single reference to the "Mona Street Crips," a Los Angeles gang. Winrow moved for a mistrial. The witness did not state Winrow was a member of the gang, and the reference appears to have been inadvertent. In light of the overwhelming evidence introduced against Winrow concerning the specific crimes for which he was convicted, the reference to a gang would not have influenced the jury. The district judge did not err in denying the motion for a mistrial.
 
 
 7
 Winrow argues the district judge should have instructed the jury on the lesser-included offense of simple possession. A defendant is entitled to an instruction on a lesser-included offense if "a rational jury could find the defendant guilty of the lesser included offense, but not the greater." United States v. Sotelo-Rivera, 906 F.2d 1324, 1328 (9th Cir.1990). Winrow was accused of possessing 151.9 grams of rock cocaine. The cocaine was found in 17 plastic baggies on top of an Ohaus triple-beam balance. Next to the scale was a loaded .357 magnum handgun and $3,209 in U.S. currency. An expert witness testified these items were consistent with drug dealing, not personal use, and that the rock cocaine seized was enough for several hundred doses. A law enforcement officer testified Winrow admitted he had been a drug dealer for three years. Winrow did not present a defense. A rational jury could not find Winrow possessed the cocaine without also finding he intended to distribute it. The district judge did not err in declining to instruct the jury on the lesser-included offense.
 
 
 8
 Winrow argues the cumulative impact of the errors at his trial requires reversal of his convictions. As Winrow has not identified any errors, this doctrine has no application.
 
 
 9
 Winrow's convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Winrow also appeals his sentence. The appeal from the sentence is decided in a separate published opinion