993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayland Lance LIMPY, Defendant-Appellant.
 Nos. 92-30168, 92-30169.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 17, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayland Lance Limpy, an Indian youth, shot and wounded BIA Officer Gardipee when the officer tried to apprehend him. The court granted the government's motion to transfer Limpy from juvenile status to be tried as an adult. A jury convicted him of attempted manslaughter of a federal officer, 18 U.S.C. § 1113, use of a firearm, 18 U.S.C. § 924(c)(1), and resisting a federal officer, 18 U.S.C. § 111. Limpy appeals. We affirm his transfer and convictions.
 
 
 3
 * We review for abuse of discretion a district court's decision to transfer a juvenile for adult prosecution under 18 U.S.C. § 5032. United States v. Alexander, 695 F.2d 398, 400 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983). Section 5032 requires that the court determine whether the "interest of justice" would be served by such a transfer.
 
 
 4
 The court must consider, weigh and make specific findings as to six factors: (1) age and social background, (2) nature of the alleged offense, (3) extent and nature of any prior juvenile record, (4) intellectual development and psychological maturity, (5) nature of past treatment efforts and the juvenile's response to those treatments, and (6) availability of programs designed to treat the juvenile's behavioral problems. The court balances these factors to predict the offender's chances of rehabilitation if convicted. Id. at 401.
 
 
 5
 Limpy argues that the court abused its discretion by basing its decision on what he perceives to be a misinterpretation of his expert psychologist's testimony. The court classified the expert's prognosis for treatment as a "mid-range estimate that would require a significant amount of time and proper counseling facilities." We do not find that the court misconstrued the expert's testimony. Even if it did, it need not weigh all factors equally. Rather, it may find one factor more compelling than others. Id.
 
 
 6
 After making findings regarding all six factors, the court determined that two factors clearly weighed in favor of transfer: Limpy's age at the time the offense was committed and the nature of the alleged crime. The court also determined that the interest of justice would be better served by the transfer. The court did not abuse its discretion by placing special weight on these factors.
 
 II
 
 7
 Limpy contends that the court erred in refusing to give his proposed jury instructions on self-defense and excessive force as defenses to the assault charge. We have not resolved whether the denial of a jury instruction is reviewed de novo or for an abuse of discretion. United States v. Streit, 962 F.2d 894, 897 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992). We need not decide which standard of review applies as we affirm even under de novo review. Id.
 
 
 8
 A criminal defendant is entitled to have a jury instruction on any legal defense if there is some foundation in the evidence. United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991). Although the district court rejected Limpy's self-defense and excessive force instructions, it gave a modified instruction that allowed the jury to consider these issues. We review de novo whether the court's instruction adequately covered the defense theory. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 9
 "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985); see United States v. James, 576 F.2d 223, 226 (9th Cir.1978). Limpy fails to explain why the court's instruction is inadequate. We believe the instruction addresses sufficiently issues of self-defense and excessive force.
 
 III
 
 10
 Limpy contends that the court erred by not giving a duress instruction. The three elements of duress are: (1) immediate threat of death or grave bodily harm; (2) well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape. United States v. Johnson, 956 F.2d 894, 897 (9th Cir.1992). Fear alone is not enough; one must establish all three elements. United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985). A district court need not give a defense instruction to a jury "where the evidence fails to establish the elements of that defense." United States v. Charmley, 764 F.2d 675, 677 (9th Cir.1985).
 
 
 11
 Limpy failed to establish a prima facie case of duress. He was under no immediate threat when he fired at Gardipee. The officer was bent over his vehicle's front seat radioing for reinforcements when Limpy shot him. Although Limpy may have feared for his life, he did not lack an opportunity to escape. The court properly rejected the duress instruction.
 
 IV
 
 12
 Limpy maintains that the court erred by not instructing the jury that assault on a federal officer is a lesser included offense of attempted manslaughter of a federal officer. He argues that he received multiple punishments for the same offense in violation of the Double Jeopardy Clause. See United States v. Halper, 490 U.S. 435, 440 (1988). Because a trial court can better determine if a lesser included offense instruction is necessary, we review its determination for an abuse of discretion. United States v. Wagner, 834 F.2d 1474, 1487 (9th Cir.1987) (citations omitted).
 
 
 13
 A defendant has a procedural right to a lesser included offense instruction only in appropriate situations. United States v. Crutchfield, 547 F.2d 496, 499 (9th Cir.1977). The test for establishing whether a defendant is entitled to such an instruction is two-fold. First the "offense on which the instruction is sought is a lesser-included offense charged. Second, the jury could rationally conclude that the defendant was guilty of the lesser but not the greater offense." Id. at 500.
 
 
 14
 We analyze whether one offense is "necessarily included" in another under the Supreme Court's "elements test." Schmuck v. United States, 489 U.S. 705, 716 (1989). Under this approach, "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." Id.; see Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975).
 
 
 15
 Assault on a federal officer is not a mere subset of attempted manslaughter of a federal officer. Rather, it requires proof of the following facts not needed to prove attempted manslaughter: (1) an officer acting in his official capacity, (2) a wounded victim or display of force that causes a victim to fear immediate bodily harm, or (3) a reasonable apprehension of immediate bodily harm.
 
 
 16
 The prohibition against double jeopardy does not apply here.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3