**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5446

HENRY CHESTER, a/k/a Zeke,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5510

HENRY CHESTER, a/k/a Zeke,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-94-665)

Argued: March 7, 1997

Decided: September 8, 1997

Before HAMILTON, Circuit Judge, KISER,
Senior United States District Judge for the
Western District of Virginia, sitting by designation, and
GOODWIN, United States District Judge for the Southern District
of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Parks Nolan Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Henry Chester was convicted of: (1) being a felon in possession of a firearm under 18 U.S.C.§ 922(g)(1); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On appeal, Chester challenges: (1) the district court's refusal to give a jury instruction on the lesser-included offense of simple possession; (2) the district court's instruction of the jury as to the "use" and "carry" prongs of 18 U.S.C. § 924(c)(1); and (3) the district court's definition of "reasonable doubt" in response to a question from the jury during deliberations. For the reasons stated below, we affirm.

I.

On August 13, 1994, Chester, driver, and Billy Earl Simmons, passenger, were involved in a car chase when their car was stopped by police. A search of the car revealed two guns and a container of 2.43 grams of crack cocaine underneath the passenger seat of the car. Sometime after the arrest, Chester gave a statement admitting that he

purchased and fired the firearms, but claiming the cocaine belonged to Simmons, not him.

At the trial on February 2 and 3, 1995, Simmons was the government's main witness against Chester. Simmons testified that Chester owned the cocaine, Chester carried the firearms and cocaine, and Chester sold drugs on August 13, 1994, while firearms were displayed on a table.

The district court then instructed the jury that the government had the burden to prove Chester guilty beyond a reasonable doubt and that burden did not shift to Chester to prove himself innocent. The court instructed the jury on the elements of the offense of possession with intent to distribute cocaine.

In instructing the jury on the meaning of "use" and "carry" in relation to Chester's Section 924(c) charge, the court stated:

> Now, the phrase uses or carries a firearm in that charge means having a firearm or firearms available to assist or aid in the commission of the crime alleged in Count 2 of the indictment. In determining whether the defendant used or carried a firearm, you may consider all the factors received in evidence in the case including the nature of the underlying drug crime . . ., the proximity or closeness of the defendant to the firearms in question, the usefulness of the firearms to the crime alleged . . ., and the circumstances surrounding the presence of the firearms.
>
> The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearms were in the defendant's possession or under the defendant's control at the time that a drug crime . . . was committed. In other words, the firearm must have had some purpose or effect with respect to the drug trafficking crime. Its presence, the presence or involvement of firearms cannot be the result of accident or coincidence. . . . It is sufficient if the government shows beyond a reasonable doubt that the defendant kept the firearms readily avail-

3

able to protect and facilitate the drug enterprise alleged in Count 2.

Chester did not object to this jury charge, calling it a "good charge."

During deliberations, the jury asked the court whether it could "find one guilty of possession but not intent to distribute." Chester contended that "the jury should be told that they cannot find such a thing in this case, because it has not been charged . . . it's not an option in this case." The court instructed the jury that it had to find either that Chester was guilty or not guilty of the offense of possession with intent to distribute cocaine. Chester did not object to that instruction.

Following a question from the jury regarding the possession count, the court instructed the jury that an intent to distribute cocaine may be inferred from the quantity of crack cocaine in Chester's possession. The jury then asked the court, "if the charge meets the `infer' parameters, does reasonable doubt still apply." The court instructed the jury that it had to find all elements of the drug charge beyond a reasonable doubt. The court explained, "the requirement that the government prove each element beyond a reasonable doubt is always in effect, but intent may be inferred based on the amount of a substance that a person has in his possession." The court gave a general instruction on intent. Chester did not object to that instruction.

During deliberations, the jury asked the court whether reasonable doubt meant "100 percent sure?" The court responded:

> The answer to that is no. Reasonable doubt does not mean 100 percent sure. Now, the burden is always on the prosecution to prove guilt beyond a reasonable doubt, and it is never the burden for the defendant to prove himself innocent. So the burden never shifts to the defendant to call any evidence, to call any witnesses, or produce any evidence, as I explained to you, but reasonable doubt does not mean no doubt. Reasonable doubt means a doubt for which you can assign a reason, and I am not, higher courts have instructed trial judges not to define reasonable doubt for jurors, for you to use your own common sense understanding of the term

4

beyond a reasonable doubt, but because you have asked a specific question about whether it means a hundred percent sure, I'm able to answer that no, it does not mean 100 percent sure.

Chester objected to that instruction on the ground that the court "stepped a little too far across the law defining reasonable doubt."

II.

Chester contends the district court erred when, after asked by the jury whether it could convict Chester for possession only, it failed to instruct the jury on the lesser-included offense of simple possession. We disagree.

The invited error doctrine clearly applies in this case. See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (noting that a criminal defendant cannot complain of an error which he has invited). Chester did not request a jury instruction on simple possession. Moreover, when the jury inquired into the issue, Chester affirmatively requested that a simple possession instruction not be given. Chester made a tactical decision to submit the drug trafficking charge on an "all or nothing" theory; he cannot now argue that the district court erred in not instructing on the lesser included offense. See Look v. Amaral, 725 F.2d 4, 8-9 (1st Cir. 1984). A trial court has no duty to instruct a jury sua sponte on a lesser included offense. See United States v. Chandler, 996 F.2d 1073, 1099 (11th Cir. 1993), cert. denied, 512 U.S. 1227 (1994). A defendant is entitled to an instruction on a lesser-included offense only if the evidence warrants such an instruction and the defendant requests it. See United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993), cert. denied, 510 U.S. 1040 (1994). The cases cited by Chester concerning the duty of the district court to give a lesser-included offense instruction, see United States v. Crutchfield, 547 F.2d 496 (9th Cir. 1977); Keeble v. United States, 412 U.S. 205 (1973), are distinguishable in that, unlike this case, the defendant requested the instruction and the court refused to give it.

Accordingly, the district court did not commit reversible error when it failed to give a jury instruction on simple possession.

5

III.

Chester challenges the district court's instruction of the jury as to the "use" and "carry" prongs of 18 U.S.C. § 924(c)(1). Chester argues that the district court erred under Bailey v. United States, 116 S. Ct. 501 (1995), when it instructed the jury that it could find that the defendant "used" a firearm in violation of Section 924(c)(1), even if the jury did not find that the defendant actually displayed or fired the weapon.

As Chester did not object to the instruction at the time it was given, we review his conviction for plain error under Fed. R. Crim. P. 52(b). See United States v. David, 83 F.3d 638, 640 (4th Cir. 1996). Under the plain error analysis, an appellate court can correct an error not raised at trial under Rule 52(b) where: (1) there is an error, (2) the error is plain, (3) the error affects substantial rights, and (4) the court determines, after examining "the particulars of each case," that it should in its discretion, notice the error. Id. at 641, 647-48.

In Bailey, decided after the trial in this case, the Supreme Court held that a conviction under the "use" prong of Section 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant." Bailey, 116 S. Ct. at 505. In this case, the district court instructed the jury that it could find that Chester "used" a firearm in violation of Section 924(c)(1) if the government showed beyond a reasonable doubt that Chester "kept the firearms readily available to protect and facilitate the drug enterprise alleged." Because this instruction does not address the "active employment" requirement, we conclude that the district court committed an error and that the error was plain. See David, 83 F.3d at 645-46.

Turning to the third prong of the David test, we find that the district court's error in this case did not affect Chester's substantial rights. The district court instructed the jury on "use" or "carry" using the same language. The language used by the district court was not erroneous as to the "carry" prong of Section 924(c)(1). In United States v. Hayden, 85 F.3d 153 (4th Cir. 1996), the court held that a jury's finding that a firearm was either on the defendant or available for immediate use would support a conviction under the "carry" prong of Section 924(c)(1). See id. at 162. In this case, the court required the

6

jury to find that Chester "kept the firearms readily available to protect and facilitate the drug enterprise alleged." The court instructed that "carries" means "having a firearm or firearms available to assist or aid in the commission of the crime alleged." Thus, in order to convict Chester under Section 924(c)(1), the jury had to find facts sufficient to support Chester's conviction under the "carry" prong of Section 924(c)(1). Regardless of whether the jury intended to convict Chester for "using" or "carrying" the firearm, under either prong, the jury had to find beyond a reasonable doubt that Chester "carried" a firearm (i.e., he kept a firearm readily accessible to protect and facilitate the drug offense). Any error in the definition of "use" did not affect Chester's substantial rights.

Moreover, we find that Chester fails to meet the fourth prong of the David test. A court should only exercise its discretion under plain error analysis where the defendant is actually innocent or where the plain error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See David, 83 F.3d at 647. This is not a case of actual innocence, as there is no question from the evidence that Chester carried a weapon during a drug trafficking crime in violation of Section 924(c)(1). Since the district court's instructions were sufficient to support a conviction under the "carry" prong of Section 924(c)(1), the error in the definition of "use" does not affect the fairness, integrity, or public reputation of the jury trial in this case. Thus, it is not appropriate for us to notice the error.

As Chester is unable to show that the district court's error affected his substantial rights or that this court should exercise its discretion to notice the error, Chester's conviction under Section 924(c)(1) is affirmed.

IV.

Chester argues that the district court erroneously defined "reasonable doubt" in response to a jury question during deliberations as to whether reasonable doubt meant "100 percent sure."

The Due Process Clause requires that the government prove beyond a reasonable doubt every element of a charged offense, and

7

any jury instruction that lessens that burden is unconstitutional. <u>See</u> <u>Sullivan v. Louisiana</u>, 508 U.S. 275 (1993).

A district court should not normally define reasonable doubt for the jury absent a specific request from the jury for such an instruction. <u>See United States v. Oriakhi</u>, 57 F.3d 1290, 1300 (4th Cir.), <u>cert. denied</u>, 116 S. Ct. 400 (1995). A district court may refuse to define reasonable doubt when the jury requests a definition. <u>See United States v. Reives</u>, 15 F.3d 42 (4th Cir.), <u>cert. denied</u>, 114 S. Ct. 2627 (1994). However, contrary to Chester's suggestion, it is not the rule in this Circuit that the district court is completely barred from defining reasonable doubt even at a jury's request. <u>See id.</u> at 45-46 ("we have repeated this `jury-request' exception to the general rule so often that it has virtually achieved the status of circuit precedent"); <u>see also</u> <u>United States v. Moss</u>, 756 F.2d 329 (1985) ("Mere attempts to define reasonable doubt do not . . . constitute reversible error per se").

The Supreme Court has held that, when determining whether a particular definition of reasonable doubt violated a defendant's due process rights, "the proper inquiry is not whether the instruction `could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury <u>did</u> so apply it." <u>Victor v. Nebraska</u>, 511 U.S. 1, 6 (1994).* In evaluating the constitutionality of a reasonable doubt instruction, "courts must look to the entire context of the jury charge and not just the offending language[.]" <u>Kornahrens v. Evatt</u>, 66 F.3d 1350, 1363 (4th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1575 (1996).

We find there is not a reasonable likelihood that the jury in this case applied the supplemental instruction on reasonable doubt in an unconstitutional manner. The district court instructed that reasonable

_____

*Chester alleges that the jury could have interpreted the court's instruction to mean that a guilty verdict could stand even if the jury was not 100 percent sure that a reasonable doubt existed. This argument overlooks that the question is not whether the jury might have interpreted the court's instruction in that manner, but whether it likely did so. As explained <u>infra</u>, it is evident from the court's instructions that the jury understood that it did not have to be absolutely convinced of Chester's guilt.

8

doubt does not mean no doubt and that reasonable doubt means a doubt for which you can assign a reason. These definitions have previously been upheld by this court. See United States v. Adkins, 937 F.2d 947, 949-50 (4th Cir. 1991) (proper to instruct jury on reasonable doubt by stating that it was "not necessary that the defendant's guilt be proven beyond all possible doubt"); United States v. Velazquez, 847 F.2d 140, 143 (4th Cir. 1988) (not reversible error to instruct jury that reasonable doubt was "not beyond all doubt"); United States v. Harris, 346 F.2d 182, 184-85 (4th Cir. 1965) ("assign a reason" language is not ideal but is not error); Kornahrens v. Evatt, 66 F.3d at 1363 (holding that an instruction that defines reasonable doubt as a doubt for which a person "could give a reason" does not lower the standard of proof); see also Victor v. Nebraska, 511 U.S. 1, 13 (noting that absolute certainty is unattainable in human affairs). Moreover, any danger that the defining language would be used to lessen the government's burden of proof was removed by the district court's own qualification of any definition that it gave the jurors and by its emphasis that the burden is always with the prosecution to prove guilt beyond a reasonable doubt and the burden never shifts to the defendant to produce any evidence or call any witnesses.

The district court navigated between the general requirement that district courts address questions posed by the jury during deliberations and this Court's requirement that district courts refrain from defining reasonable doubt. The district court did not err in responding to the jury's question on reasonable doubt.

V.

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

9