**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Irvin Quinn HINES, Defendant–Appellee.**

No. 90–30446.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1991.

Decided April 29, 1992.

Michael J. Brown, Asst. U.S. Atty., Portland, Or., for plaintiff-appellant.

Paul S. Petterson, Asst. Federal Public Defender, Portland, Or., for defendant-appellee.

Before: TANG, O'SCANNLAIN and RYMER, Circuit Judges.

PER CURIAM:

The United States brings this interlocutory appeal from an order by the district court suppressing statements made by Irvin Hines to a special agent of the Bureau of Alcohol, Tobacco, and Firearms. On April 19, 1989, the agent visited Hines at his house to question him about certain activities in December of 1988 and January of 1989. At the time of the questioning, the December activities were the subject of a state prosecution for which Hines had been provided counsel. In response to the agent's questions, Hines indicated that the agent should speak to his court-appointed attorney.

After speaking to his attorney, the agent returned to Hines's house on April 21 to question him about the January activities, which were unrelated to the activities for which Hines was then being prosecuted. Hines signed a statement waiving his *Miranda* rights and answered the agent's questions, which pertained only to the January activities.

Some time thereafter, the state, pursuant to a plea agreement with Hines, dismissed its charges pertaining to the December activities. On June 12, 1990, the federal grand jury returned its indictment against Hines, which charged him with separate counts of possession of an unregistered firearm as a result of the December and January activities. The district court suppressed Hines's April 21 statements regarding his actions in January. We reverse and remand for further proceedings.

I

■■ Although the district court did not enter written findings of fact or conclusions of law, it appears that the court treated Hines's April 19 reference to his lawyer as an invocation of *Miranda* rights and considered the statements made during the second interview to be covered by the prophylactic rule of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (suspect who requests counsel during custodial interrogation is not subject to further interrogation until counsel is provided). It is well established, however, that the Fifth Amendment right to counsel under *Miranda* does not vest until a defendant is taken into custody. *See, e.g., Michigan v. Jackson,* 475 U.S. 625, 629, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631 (1986) ("The Fifth Amendment protection against compelled self-incrimination provides the right to counsel at custodial interrogations."); *United States v. Booth,* 669 F.2d 1231, 1237 (9th Cir.1981) (prior to noncustodial interrogation, "*Miranda* warnings need not be given"). Therefore, if Hines was not in custody during the first interview, the reference to his lawyer at that time cannot be considered an invocation of *Miranda* rights.

Because the district court made no determination as to whether the defendant was in custody during either interview, we would ordinarily remand for factual findings. We need not remand, however, for even if we assume that Hines was in custody during both interviews, and that he properly invoked his *Miranda* rights at the first interview, he cannot claim the protection of the Fifth Amendment for two reasons: (1) there was a break in custody between the first and second interviews,

and (2) the district court found that Hines knowingly and intelligently waived his right to counsel at the second interview.

In *United States v. Skinner*, 667 F.2d 1306 (9th Cir.1982), *cert. denied*, 463 U.S. 1229, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983), we held that the *Edwards* rule does not apply to suspects who are not in continuous custody between the time they request counsel and the time they are reinterrogated. In *Skinner*, the defendant went to the police station voluntarily and left after expressing a desire to speak with an attorney. The next morning, Skinner was arrested and signed a waiver before confessing; the reinterrogation in the absence of counsel was allowed because of the intervening break between his invocation of *Miranda* rights and his voluntary confession. *Id.* at 1309.

In this case, Hines does not dispute that, between the first and second interviews, he was not in "custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). This *"Skinner* break" is sufficient to defeat application of the *Edwards* rule against reinterrogation. Moreover, at the suppression hearing, the district court concluded that Hines validly waived his right to counsel before the second interview on April 21. We therefore hold that the Fifth Amendment does not require that the April 21 statements be suppressed.

## II

■ Hines also claims that the Sixth Amendment prevents the admission of his statements on April 21. The Sixth Amendment right to counsel, however, does not attach until the initiation of the first adversarial proceedings against the defendant. *Jackson*, 475 U.S. at 629, 106 S.Ct. at 1407 ("The arraignment signals 'the initiation of adversary judicial proceedings' and thus the attachment of the Sixth Amendment.") (quoting *United States v. Gouveia*, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984)).

In *McNeil v. Wisconsin*, —— U.S. ——, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158 (1991), the Court declared, "The Sixth Amendment right ... is offense-specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced...." The *McNeil* Court went on to add:

> The police have an interest ... in investigating new or additional crimes [after an individual is formally charged with one crime.] ... [T]o exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities.... Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses.

*McNeil*, 111 S.Ct. at 2207–08 (quoting *Maine v. Moulton*, 474 U.S. 159, 179–80 & n. 16, 106 S.Ct. 477, 489 & n. 16, 88 L.Ed.2d 481 (1985)). The Sixth Amendment thus does not bar Hines's admissions during the second interview, which pertained to activities for which he had not yet been indicted.

■ An exception to the offense-specific requirement of the Sixth Amendment occurs when the pending charge is so inextricably intertwined with the charge under investigation that the right to counsel for the pending charge cannot constitutionally be isolated from the right to counsel for the uncharged offense. *See United States v. Cooper*, 949 F.2d 737, 743–44 (5th Cir. 1991) (holding that uncharged federal offense of unlawful possession of unregistered firearm was not inextricably intertwined with pending state charge of armed robbery involving the same weapon), *cert. denied*, —— U.S. ——, 112 S.Ct. 2945, 119 L.Ed.2d 569 (1992).

■ The pending December charge is logically distinct from the uncharged January offense. Although it was the same offense, the place, time, and persons involved were all different. Because the charges are separate and distinct, there was no Sixth Amendment violation, which

would necessitate suppression of the contested statement.

■ Absent a Sixth Amendment violation by way of investigation of activities inextricably intertwined with pending charges, Hines is not entitled to suppression of the evidence unless the government breached its "affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel." *Moulton,* 474 U.S. at 171, 106 S.Ct. at 484. Hines contends that the government's subsequent joinder of the December charges with the January charges violated its affirmative obligation not to act in a manner which diluted Hines's Sixth Amendment rights.

Here, there is no evidence that the state or federal government "knowingly circumvent[ed Hines's] right to the assistance of counsel." *Id.* at 180, 106 S.Ct. at 489. The agent was careful to question Hines only about the January activities (which were uncharged at the time of questioning), and there is no evidence that the state's dismissal of the January charges and the federal government's subsequent joinder of the same charges were the result of collusion between the authorities. Because neither government breached its "affirmative obligation not to act in a manner that circumvents the protections accorded the accused by invoking" the Sixth Amendment, *id.* at 176, 106 S.Ct. at 487, joinder of the charges did not violate Hines's right to counsel. *Compare United States v. Mitcheltree,* 940 F.2d 1329, 1340–43 (10th Cir.1991) (joinder of "theoretically distinct" charges violated Sixth Amendment where government surreptitiously recorded defendant's conversation with informant, who inquired into pending charges) *and United States v. Terzado–Madruga,* 897 F.2d 1099, 1110–11 (11th Cir.1990) (approving district court's severance of new and pending charges where informant elicited incriminating information about pending charges and government recorded conversation) *with United States v. Roberts,* 869 F.2d 70, 73–74 (2d Cir.1989) (joinder of new and pending charges allowed where government questioned defendant about uncharged and unrelated activities, and defendant waived Fifth and Sixth Amendment rights).

REVERSED AND REMANDED.