12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Lee WEBSTER, Defendant-Appellant.
 No. 92-10230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Lee Webster appeals his conviction and 360-month sentence imposed following a jury trial for possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Webster contends: (1) the district court erred by denying his motion to suppress an allegedly involuntary post-Miranda statement and refusing to grant an evidentiary hearing on the motion; (2) he received ineffective assistance of counsel during the sentencing proceedings; and (3) the district court erred by refusing to depart downward from the applicable Guidelines range. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Voluntariness of Statement/Evidentiary Hearing
 
 
 4
 Webster contends that a statement he made to a police officer after receiving a Miranda warning was involuntary because: (1) a lingering psychological compulsion resulted from an inadmissible, un-Mirandized statement given just minutes before to the same officer and (2) an officer earlier allegedly threatened to take Webster's wife and child into custody. Webster also contends an evidentiary hearing should have been held on his motion to suppress. These contentions lack merit.
 
 
 5
 We review de novo the district court's determination that a confession was voluntary, while we review for clear error the factual findings underlying that determination. United States v. Miller, 984 F.2d 1028, 1030 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993). We review for abuse of discretion a district court's refusal to hold an evidentiary hearing on a motion to suppress. United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 112 S.Ct. 1988 (1992).
 
 
 6
 "Both physical and psychological pressure can lead to involuntary confessions. While a confession accompanied by physical violence is per se involuntary, psychological coercion provokes no per se rule." Id. (citations omitted). In the latter cases, we must look at "the totality of the circumstances involved and their effect upon the will of the defendant. The pivotal question ... is whether the defendant's will was overborne when the defendant confessed." Id. at 1031 (citations omitted); accord Medeiros v. Shimoda, 889 F.2d 819, 823 (1989), cert. denied, 496 U.S. 938 (1990).
 
 
 7
 "An evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.' " United States v. Licavoli, 604 F.2d 613, 621 (9th Cir.1979), cert. denied, 446 U.S. 935 (1980) (quoting United States v. Ledesma, 499 F.2d 36, 39 (9th Cir.), cert. denied, 419 U.S. 1024 (1974)).
 
 
 8
 Here, the district court, without an evidentiary hearing, considered Webster's motion for reconsideration of the court's order denying his motion to suppress evidence. The court considered police officers testimony given at a state court preliminary hearing, which had not been supplied at the original suppression hearing, and made the following factual findings.
 
 
 9
 On July 25, 1990, San Jose police officers, acting on a tip that Webster was dealing drugs, went to his house to conduct a probation search. When they arrived, certain officers remained undercover outside the house. Webster's wife answered the door and informed the officers that he was not home but would be returning shortly. Subsequently, Webster drove up in a car accompanied by a male passenger, later identified as Larry Phelps. Phelps exited the vehicle, walked to a nearby car, and removed two large garbage bags from the trunk. Webster walked toward the house.
 
 
 10
 As Webster approached the house, Officer Stackhouse left the house and informed Webster that he was conducting a probation search. Officer Stackhouse and Webster then walked into the house. Almost simultaneously, other officers approached Phelps who dropped the garbage bags and indicated that the "stuff" was not his. Following Phelps' consent to search the bags, officers saw what appeared to be methamphetamine and arrested him.
 
 
 11
 Officer Werkema then went into the home to inform Officer Stackhouse about the drugs. Without a Miranda warning, Officer Stackhouse asked Webster what he knew about the drugs. According to a declaration submitted by Webster's wife, an officer allegedly threatened Webster by stating that his wife would be taken to jail and their child to a shelter unless Webster "talked." Webster stated that the drugs belonged to him. Officer Stackhouse then placed Webster in the backseat of his police car and administered a Miranda warning. Webster waived his rights and made a tape-recorded statement regarding his ownership of the drugs.
 
 
 12
 On March 28, 1991, without Miranda warnings, a Drug Enforcement Administration agent and probation officers questioned Webster at a live-in drug program and obtained statements regarding his possession of the drugs.
 
 
 13
 The district court suppressed the un-Mirandized first and third statements but allowed the tape-recorded statement which Webster gave following a Miranda warning.
 
 
 14
 Because the district court made no determination regarding the alleged threats, we would ordinarily remand for factual findings. See, e.g., United States v. Hines, 963 F.2d 255, 256 (9th Cir.1992) (per curiam). We need not remand, however, for even assuming that an officer made such threats, we conclude the tape-recorded statement was voluntary.
 
 
 15
 An evaluation of the entire course of police conduct and surrounding circumstances support this conclusion. The circumstances which made the first statement inadmissible, i.e., interrogation without Miranda warnings and alleged threats, did not exist when Webster made his tape-recorded statement. Although Webster confessed just minutes later to the same officer in a police vehicle, we note that there is no rigid rule requiring the passage of time or break in events. See Medeiros, 889 F.2d at 824. The question of voluntariness is a determination for the trier of fact on a case by case basis. See id. On the record before us, there is no indication that Webster's will was overborne when he made the tape-recorded statement. See id. at 825; see also Miller 984 F.2d at 1031-32. Under these circumstances, we conclude that the district court did not abuse its discretion by refusing to hold an evidentiary hearing. See Licavoli, 604 F.2d at 621. The district court therefore did not err by denying Webster's motion to suppress the second statement as involuntary.
 
 II
 Ineffective Assistance of Counsel
 
 16
 Webster further contends he received ineffective assistance of counsel because his trial counsel did not challenge the validity of prior convictions which were used as predicate offenses for career offender purposes.
 
 
 17
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Trial counsel has had no opportunity to explain his decision not to challenge the validity of the prior convictions. See id. at 789. Accordingly, we decline to address this claim which is more appropriately reserved for a habeas corpus proceeding.
 
 III
 Downward Departure
 
 18
 Finally, Webster contends the district court erred by refusing to depart downward from the applicable Guidelines range based upon either a criminal history category which overrepresented the seriousness of his criminal history or lack of youthful guidance.
 
 
 19
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991) (per curiam).
 
 
 20
 Prior to sentencing, Webster filed position papers requesting a downward departure for the aforementioned reasons. At sentencing, the court afforded defense counsel an opportunity to make oral arguments in support of a downward departure and allowed Webster his right of allocution. Without commenting on Webster's request for a downward departure, the court imposed a sentence at the low end of the Guidelines range.
 
 
 21
 Because the court is not required to affirmatively state that it has the authority to depart when it imposes a sentence within the applicable range, we lack jurisdiction to review Webster's request for a downward departure. See id. at 491.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3