15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raleigh Lee SJOGREN, Defendant-Appellant.
 No. 93-30045.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided Jan. 26, 1994.
 
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 This case presents another situation arising out of state-federal cooperation in the administration of their separate criminal justice systems.
 
 
 1
 Appellant was charged in an information in the District Court for Douglas County, Oregon, with three counts of being a felon in possession of a firearm (one for each prior conviction as the underlying felony) and two counts of theft. Shortly before the case was to go to trial, a federal warrant was issued for appellant's arrest on a federal complaint for being a felon in possession of a firearm. In light of the federal warrant (which was not unexpected) and on the day the State case was set for trial, the State charges were dismissed on motion of the State prosecutor.
 
 
 2
 In the federal system, appellant was duly indicted, tried, and found guilty as charged. The Government had filed notice that appellant was subject to the enhanced penalties pursuant to 18 U.S.C. Sec. 924(e)(1). The sentencing judge so found and sentenced appellant to 260 months imprisonment and a 5-year term of supervised release.
 
 
 3
 Appellant's sole claim is that he received ineffective assistance of counsel in State court which carries over to federal court.
 
 
 4
 The reasoning behind this argument is somewhat convoluted. While the State charges were still pending, the State prosecutor allegedly made an offer through appellant's State attorney that the State would dismiss two counts of being a felon in possession of a firearm and one count of theft if appellant would plead guilty to the other two counts. Appellant rejected this offer out of hand, insisting that he wished to go to trial. After the State charges were dismissed and the federal charge commenced, appellant alleges that he learned for the first time about the enhanced penalties he faced in federal court. Everyone agrees that this particular possibility was not explained to him. However, his State attorney, in conveying the State offer, also informed appellant about the possibility of federal prosecution resulting from a failure to accept the offer. He now alleges that, had he known about the full parameters of that possibility, he would have accepted the State's offer. A State conviction would have avoided a federal charge because it was, he alleges, federal policy not to indict on the same charge for which a person was convicted in State court. His State attorney's failure to advise him of the federal sentencing possibilities prevented him from making an informed decision in rejecting the State's offer. This failure constitutes the ineffectiveness of counsel that affects his federal conviction.
 
 
 5
 The district judge held a hearing on these allegations. He found that the state-federal cooperation that had existed had not exceeded permissible limits.
 
 
 6
 To assert his ineffective assistance of counsel claim, Sjogren relies on United States v. Hines, 963 F.2d 255 (9th Cir.1992) and United States v. Martinez, 972 F.2d 1100 (9th Cir.1992). We agree with the district court that Sjogren failed to make the required showing that the state and federal prosecutions were "inextricably intertwined." Furthermore, we see no reason to extend the holdings of Hines and Martinez to the present case. In Hines and Martinez, we were concerned with the possibility of collusion between government agents in order to circumvent a defendant's right to counsel. That concern is not present in this case.
 
 
 7
 At best appellant's theory of what might have happened had he known of the Armed Career Criminal provisions of federal law is highly speculative. His case came to the attention of federal authorities pursuant to federal policy to target persons who met the definition of Armed Career Criminals. A June 1991 circular from the United States Attorney for the District of Oregon, which was circulated to State and local law enforcement agencies, requested referral of potential Armed Career Criminal cases to the federal Bureau of Alcohol, Tobacco and Firearms. After appellant's arrest on November 24, 1991, his computerized record printout contained a reference saying: "If found in possession of a firearm, please contact the ATF Armed Career Criminal Task Force" with a telephone number to call. The ATF was duly notified of appellant's arrest and from the beginning of his State charges the relevant police investigative reports were sent to the ATF.
 
 
 8
 Appellant assumes that, if he had agreed to accept the State plea bargain, he would have avoided federal prosecution. However, the State prosecutor by affidavit stated that he was aware of the federal interest and further that:
 
 
 9
 I continued my prosecution as long as I could to allow the Federal Prosecutor to first evaluate the case and then to get an indictment. The purpose of continuing my prosecution was to keep the defendant in custody pending federal action.
 
 
 10
 The district judge concluded that because appellant was unaware of the potential federal prosecution did not mean that he had received ineffective assistance of counsel. We agree with the trial court.
 
 
 11
 Appellant also argues, for the first time on appeal, that the sentence he received constituted cruel and unusual punishment because it is substantially in excess of what he would have received in the State case. We do not consider this argument. It is well settled that unless there is "plain error," an appellate court will not consider an issue not raised in the district court. United States v. Greger, 716 F.2d 1275 (9th Cir.1983).
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate or publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3