51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin W. JOHNSON, Defendant-Appellant.
 No. 93-10774.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 28, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Marvin Johnson appeals his jury conviction. The jury found Johnson guilty on sixteen separate counts for his participation in a two-week violence spree from December 1990-January 1991, as well as his 1993 attempts to intimidate a government witness, Darryl Handy. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Johnson asserts various grounds for reversal of his conviction. We address each of the arguments in turn.
 
 I. Sixth Amendment Right to Counsel
 
 5
 On March 14, 1993, Moore visited Johnson in prison at Johnson's behest. At the time of their meeting, Moore had just been arrested and was in government custody; Johnson had retained counsel. Johnson argues that the government used Moore to gather incriminating information from him in violation of his Sixth Amendment right to counsel; therefore, all evidence obtained as a result of the March 14 meeting was inadmissible as to the indictment already pending at the time of the meeting.
 
 
 6
 Johnson did not move to suppress the audiotape of the conversation, nor object to the admission of the tape at trial. Nonetheless, we may review the issue--raised for the first time on appeal--under F.R.Crim.P. 52(b). To prevail, Johnson must demonstrate that the admission of evidence of the March 14 meeting was plain error. Johnson's Sixth Amendment claim is unavailing because the government did not violate Johnson's Sixth Amendment right to counsel and admission of the taped evidence was not plain error.
 
 
 7
 Johnson's claim fails because the March 14 conversation concerned Johnson's plans for intimidating a government witness, a crime for which Johnson was not yet indicted. The Sixth Amendment is offense-specific. McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S.Ct. 2204, 2207 (1991). If a defendant is arraigned on one charge, the Sixth Amendment right to counsel attaches to that charge but not to a different charge for which the defendant has not yet been arraigned. Hendricks v. Vasquez, 974 F.2d 1099, 1104 (9th Cir.1992).
 
 
 8
 We have recognized a limited exception to the Sixth Amendment's offense-specific requirement when the pending charge is inextricably intertwined with the charge under investigation. U.S. v. Hines, 963 F.2d 255, 257 (9th Cir.1992). However, Johnson does not fit into the exception. The 1990-91 crimes were not inextricably intertwined with the 1993 attempts to influence Handy's testimony. As uncharged and distinct "additional crimes," the offenses associated with Johnson's intent to intimidate Darryl Handy were not subject to the Sixth Amendment right to counsel. See Hendricks v. Vasquez, 974 F.2d 1099, 1104-05 (9th Cir.1992) (defendant had no right to counsel for interrogation on murder charges, even though he had previously been arraigned for interstate flight to avoid prosecution for murder, because although not wholly unrelated, the two crimes had totally independent elements).
 
 
 9
 There was no plain error in admitting the evidence of the March 14 meeting because Johnson's right to counsel had not attached to the crime of influencing a witness' testimony.
 
 II. Severance
 
 10
 The district court denied Johnson's motion to sever Counts 19 through 23. Johnson must show that the denial of severance was so "manifestly prejudicial" that it overcomes the dominant concern with judicial economy. U.S. v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987).
 
 
 11
 Johnson's argument that the large number of counts caused the jury to feel hostility toward him and led the jury to cumulate evidence is unavailing. "If all of the evidence of the separate count is admissible upon severance, prejudice is not heightened by joinder." Id. The evidence on counts 1-18 is admissible on Counts 19-23 to show Johnson's motive for obstruction. The evidence on Counts 19-23 is admissible on Counts 1-18 to show consciousness of guilt. Aside from his conclusory assertions, Johnson has not shown manifest prejudice.
 
 III. Assistance of Counsel
 
 12
 Johnson claims the performance of his trial attorneys, Maureen Kallins and Brian Getz, was so defective and prejudicial that his conviction must be reversed. To prevail on this issue, Johnson must show that his attorneys' performance was deficient and that such ineffectiveness prejudiced his defense. Strickland v. Washington, 466 U.S. 686, 687 (1984).
 
 
 13
 We may consider an ineffective assistance claim on direct appeal if the record is sufficiently complete to allow review. U.S. v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993). The record in this case is adequate to decide whether Kallins and Getz's assistance was objectively reasonable and reveals that their defense of Johnson was not defective.
 
 
 14
 Johnson contends that counsel's performances prejudiced his defense because he waived his detention hearing, waived the benefit of the Speedy Trial Act, and left him essentially without representation when the district court kept secret the identity of certain government witnesses. Furthermore, Kallins did not work vigorously on Johnson's case and, as a result, Getz was inadequately prepared for trial. Johnson specifically criticizes Getz's performance in failing to object to the admission of evidence related to the March 14 meeting.
 
 
 15
 Johnson initially waived his detention hearing because Kallins was hospitalized on the day of the hearing. He asked for, and was granted, leave to request bail at a later date. Thus, Kallins' absence was not prejudicial to Johnson.
 
 
 16
 With respect to the Speedy Trial Act, Johnson was well aware of Kallins' crowded schedule and repeatedly insisted on postponing the trial in order to keep her on the case. For example, in November 1992, Judge Smith told Johnson that Kallins' schedule seemed to require an April trial date. Johnson said he understood and was willing to wait. In March, the prosecutor suggested that due to Kallins' schedule, Johnson should obtain another attorney. Judge Smith confirmed with Johnson directly that he wanted to keep Kallins, despite the delay. Johnson's informed decisions cannot give rise to a claim of ineffective assistance.
 
 
 17
 Johnson's insistence that, because of ineffective counsel, the government was able to keep its witness list a secret until two weeks before trial is meritless. See U.S. v. Dischner, 974 F.2d 1502, 1522 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993) ("We have consistently held that in noncapital cases the government does not have to disclose the names of its witnesses prior to trial"); U.S. v. Steele, 785 F.2d 743, 750 (9th Cir.1986) (government has no obligation to identify witnesses before trial, so counsel was not ineffective for failing to object).
 
 
 18
 Finally, Johnson asserts that Getz's failure to raise the Sixth Amendment right to counsel issue rendered Getz's performance defective. Because Johnson's Sixth Amendment claim is unavailing, the failure to raise it could not have affected the result of the trial.
 
 IV. Amendment of the Indictment
 
 19
 Johnson argues that deletion of the date in Count 23 of the indictment constitutes a substantive change in the indictment. Johnson's contention on this point is meritless. An indictment may be amended by the court "where the change concerns matters of form rather than substance" and the amendment does not prejudice the defendant. U.S. v. Perez, 776 F.2d 797, 799 (9th Cir.1985).
 
 
 20
 The district court's decision to delete the March 9, 1993 reference was one of form rather than substance. Upon reading the indictment, it is clear that, because Count 23 was based on Count 22, a date falling outside of Count 22's time period would be a formal error, not a substantive one. In any case, the date was unimportant for purposes of stating the offense, as the language of Count 23 clearly described the charge: carrying a firearm "during and in relation to the crime of violence charged in Count Twenty-Two."
 
 V. Prosecutor's Closing Statements
 
 21
 Johnson makes two arguments regarding the propriety of the prosecutor's statements during his closing argument. First, Johnson argues that the prosecutor improperly commented on Johnson's future dangerousness and, as a result, improperly influenced the jury. Johnson argues that, by exclaiming "God forbid" after raising the possibility of the jurors running into Johnson on the street, the prosecutor appealed to the personal passions, fears, and vulnerabilities of the jurors.
 
 
 22
 The prosecutor's inadvertent remark was not wholly improper in the context of the entire trial. In view of the large amount of inculpatory evidence, the impact of the prosecutor's comment was likely minimal. A single improper remark in a lengthy trial does not generally require reversal. See U.S. v. Hinton, 31 F.3d 817, 825 (1994), cert. denied, 115 S.Ct. 773 (1995).
 
 
 23
 Second, Johnson contends that certain of the prosecutor's closing statements led the jury to believe that defense counsel was distorting the evidence in an attempt to deceive the jury. Johnson's claim is exaggerated. The prosecutor simply pointed out misstatements of the evidence by Getz. Such comment was entirely proper. See U.S. v. Gwaltney, 790 F.2d 1378, 1385 (9th Cir.1986) ("The prosecutor did not overstep the bounds of proper advocacy in addressing what he perceived to be defense counsel's 'misrepresentations' of the record").
 
 
 24
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the District of Virginia
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3