97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Joseph BISSON, Defendant-Appellant.
 No. 95-30374.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Sept. 26, 1996.
 
 Before: ALDISERT,** PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 3
 Unlike the "Gun-Free School Zone Act" (section 922(q)), which was deemed unconstitutional in United States v. Lopez, --- U.S. ----, 115 S.Ct. 1624 (1995), the federal felon in possession statute (section 922(g)(1)) has a jurisdictional element because it applies only to firearms "in or affecting commerce." Thus, Lopez does not affect the federal felon in possession statute. United States v. Hanna, 55 F.3d 1456 (9th Cir.1995). Further, proof that the firearm previously travelled in interstate commerce is sufficient to satisfy the required nexus between the possession of a firearm by a convicted felon and commerce. Scarborough v. United States, 431 U.S. 563, 564 (1977).
 
 
 4
 Bisson's sentence was within the sentencing guidelines. Bisson expressly agreed that his waiver was enforceable if the district court sentenced him "within the applicable sentencing guideline range." A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992). Accordingly, the waiver is enforceable.
 
 
 5
 Bisson appeals the denial of his motion to dismiss the indictment based on his claim of ineffective assistance of counsel in his previously dismissed state case. Under the plea agreement, Bisson may not appeal this issue unless he can relate his Sixth Amendment right to effective assistance in his federal case to the state case. To accomplish this, he must show that the two cases were so inextricably intertwined that the right to counsel for the state case cannot be isolated from the federal case or show collusion between the federal and state prosecutors. United States v. Hines, 963 F.2d 255, 257 (9th Cir.1992). Bisson failed to demonstrate that the two cases were inextricably intertwined or that there was collusion between the state and federal prosecutions. Thus, Bisson's challenge to the district court's dismissal of this issue fails.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3