[No. G023575. Fourth Dist., Div. Three. Jan. 11, 2000.]

In re ROBERT E., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ROBERT E., Defendant and Appellant.

## COUNSEL

Suzanne Rothlisberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Rhonda Cartwright-Ladendorf, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CROSBY, Acting P. J.**—The juvenile court found Robert E. committed perjury when he testified in his own defense in a previous trial. In this single-issue appeal, he claims the court erred in admitting his confession to perjury because it was allegedly obtained in violation of his Sixth Amendment right to counsel.

### I

At a December 3, 1997 juvenile court hearing, Robert testified concerning charges of vandalism and assault with intent to cause great bodily harm (with an added gang enhancement). In his testimony Robert denied tagging a garage door with the moniker "FTTR Huero" on April 24, 1997, or writing anything on the garage door at all. He denied having "blue staining" on his hands when the police approached him that day and said the only "marker" in his possession was a ballpoint pen. Robert testified he did not have a gang nickname and was not even a member of a gang. He claimed all the officers who testified otherwise were lying. Nevertheless, the court found the allegations true and ordered Robert's detention in a juvenile facility for 180 days.

At Los Piños Juvenile Detention Camp, Robert was visited by Fullerton Police Officer John Siko and Detective Choceck on February 12, 1998, some 43 days after the dispositional hearing. After a *Miranda* warning, they interviewed him concerning his December 3 testimony. (*Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974].) The boy admitted testifying falsely at the jurisdictional hearing.

A subsequent petition alleging perjury was filed in the juvenile court on February 25. A defense motion to exclude Robert's confession on Sixth Amendment right to counsel grounds was denied, and Officer Siko testified concerning the Los Piños interview. The court found the perjury allegation true and sustained the petition.

### II

Robert argues his Sixth Amendment right to counsel with respect to the assault and vandalism petition had not terminated when the officers

interviewed him on February 12 and necessarily protected him from police questioning concerning the trial of those allegations. Thus, he claims, it was *Massiah*[1] error for the court to admit his confession in the perjury hearing.

The Sixth Amendment right to counsel attaches when adversary proceedings are initiated (*McNeil v. Wisconsin* (1991) 501 U.S. 171, 175 [111 S.Ct. 2204, 2207, 115 L.Ed.2d 158]), but when precisely does it terminate? Robert argues the right to counsel extended at least through the 60-day time period to file an appeal (Cal. Rules of Court, rule 31(d)) because trial counsel had a duty to at least explore the possibility of filing a notice of appeal. (See Pen. Code, § 1240.1, subd. (b); *People v. Scott* (1998) 64 Cal.App.4th 550, 563-564 [75 Cal.Rptr.2d 315].) However, California case law is scarce on the subject.[2]

The longevity of a defendant's *Fifth Amendment* right to counsel has been more thoroughly examined in this state's jurisprudence. Generally, the Fifth Amendment right applies to postconviction statements as long as a defendant's right to appeal has not expired. (*People v. Fonseca* (1995) 36 Cal.App.4th 631, 635 [42 Cal.Rptr.2d 525]; *In re Courtney S.* (1982) 130 Cal.App.3d 567, 573 [181 Cal.Rptr. 843]; see also *People v. Webster* (1971) 14 Cal.App.3d 739 [93 Cal.Rptr. 260].) In *Fonseca* a codefendant, who had pleaded guilty, was permitted to assert his Fifth Amendment privilege against self-incrimination to avoid testifying in the defendant's trial. The court concluded, "the privilege expires when the time to file an appeal has passed with no notice of appeal filed." (*Fonseca, supra,* at p. 637.)

We agree that where an attorney continues to have a duty to represent the interests of a defendant in continuing judicial proceedings the Sixth Amendment right to counsel is maintained *as to that prosecution.* As *Cahill v. Rushen* (E.D.Cal. 1980) 501 F.Supp. 1219, affirmed (9th Cir. 1982) 678 F.2d 791 explains, "The guarantee of counsel, in addition to assuring equality in

---

[1]In *Massiah v. United States* (1964) 377 U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246], the Supreme Court found a violation of the Sixth Amendment right to counsel when officers obtained incriminating statements from an accused by installing a radio transmitter in his car after he had pleaded not guilty and was released on bail.

[2]We note that post-Proposition 8 evidence law (Cal. Const., art. I, § 28, subd. (d)) does not provide for the exclusion of evidence as a remedy for constitutional violations, " 'except to the extent the exclusion remains federally compelled.' " (*People v. May* (1988) 44 Cal.3d 309, 316 [243 Cal.Rptr. 369, 748 P.2d 307], quoting *In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744].) *May* held that, in the wake of Proposition 8, statements obtained from the defendant in violation of *Miranda* were now admissible for impeachment purposes—directly contrary to the rule articulated in *People v. Disbrow* (1976) 16 Cal.3d 101 [127 Cal.Rptr. 360, 545 P.2d 272]. The Supreme Court found "section 28(d) abrogated the *Disbrow* rule and thereby left *Harris v. New York* (1971) 401 U.S. 222 . . . to govern the case." (*May, supra,* at p. 314.)

trial-like adversary confrontations, prevents the accused from being misled by his lack of familiarity with the law. [Citations] Application of *Massiah* to post trial statements when an appeal is not final, will protect th[e] right to 'counsel,' 'assistance,' 'advice,' and 'shelter' [encompassed in the Sixth Amendment right to counsel]. Moreover, a refusal to apply *Massiah* to the present facts would also frustrate the goal of an appeal—a second trial uncontaminated by constitutional or other reversible error. Errors in the first trial would permit the introduction of evidence obtained in violation of the defendant's properly construed Sixth Amendment rights in a second trial." (*Cahill v. Rushen, supra,* at p. 1223.)[3] Thus, as the Attorney General concedes, in any retrial of the vandalism and assault charges the confession would be excluded, at least in the prosecution's case-in-chief.

However, while we agree Robert's right to counsel had not necessarily terminated, we cannot agree that it carried over to the perjury charge. The Sixth Amendment right to counsel is "offense specific" and only prohibits government-initiated interrogation concerning the offense to which the right to counsel has attached. (*McNeil v. Wisconsin, supra,* 501 U.S. at pp. 175-176 [111 S.Ct. at p. 2207]; *People v. Clair* (1992) 2 Cal.4th 629, 657-658 [7 Cal.Rptr.2d 564, 828 P.2d 705].) ■ An accused, represented by an attorney with respect to a particular offense, may be questioned by police regarding uncharged offenses; and "[i]ncriminating statements pertaining to those uncharged offenses, as to which the Sixth Amendment right has not yet attached, are admissible at a subsequent trial of those offenses." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1313 [65 Cal.Rptr.2d 145, 939 P.2d 259].)

A narrow exception may apply, though, if the uncharged offense is so "inextricably intertwined" with the charged offense that the right to counsel "cannot constitutionally be isolated." (*U.S. v. Hines* (9th Cir. 1992) 963 F.2d 255, 257.)[4] ■ Robert argues this exception should be applied because the perjury charge was based on the same set of facts as the assault and vandalism charges, his conduct on April 24, 1997.

---

[3]In affirming the district court's decision in *Cahill,* the Ninth Circuit took a different view of the issue, finding the right to counsel did not extend from the first trial, but attached to the second. (*Cahill v. Rushen* (9th Cir. 1982) 678 F.2d 791, 793 ["The question before us, then, is whether the interview . . . violated Cahill's right to counsel with respect to the second trial. We therefore do not view the case in terms of an 'extension' of the right to counsel after a first trial. Rather, we must focus on the need to preserve the protections of the sixth amendment in any trial in which conviction might result."].)

[4]As the Ninth Circuit points out, the United States Supreme Court has not expressly recognized the "inextricably intertwined" or "closely related" exception, but has "implicitly applied it in its Sixth Amendment decisions," *Brewer v. Williams* (1977) 430 U.S. 387 [97 S.Ct. 1232, 51 L.Ed.2d 424] and *Maine v. Moulton* (1985) 474 U.S. 159 [106 S.Ct. 477, 88

█ A number of standards have been devised for determining when charges are "inextricably intertwined" or "closely related" in similar circumstances.[5] Generally, courts examine the time, place, victims, and circumstances surrounding the offenses to determine whether a defendant is being pursued for essentially the same activities.

█ The exception does not logically apply here. Perjury may be committed in any sort of case, criminal or civil; and it seems cogent to reason that it should be considered logically distinct from the subject matter of any lawsuit on policy grounds alone. The perjury occurred *after* Robert was accused of the underlying charges and was not part of the same conduct.[6]

The perjury charge does present a unique factual situation, though, because Robert's admission of lying in court amounted, essentially, to a confession of the original charges. The defendant in *U.S. v. Walker* (5th Cir. 1998) 148 F.3d 518 raised the same issue, arguing his postconviction confession to suborning perjury was protected by the Sixth Amendment right to counsel that had attached to the original charges (possession of a firearm) because they involved the same evidence. The court was not impressed; it found the offenses were not "inextricably intertwined," but were "two distinct types of conduct" that "did not occur within a close temporal proximity." (*Id.* at p. 529.) We agree.

We reject the defense suggestion that the Sixth Amendment right to counsel applies generally from arraignment through the appeal period. Such a rule would make it difficult to prosecute a defendant for any post-arraignment conduct somehow related to the pending charges. *Massiah* is not

L.Ed.2d 481]. (See discussion in *U.S. v. Covarrubias* (9th Cir. 1999) 179 F.3d 1219, 1224-1225.)

Every circuit has recognized this exception. (See, e.g., *U.S. v. Melgar* (4th Cir. 1998) 139 F.3d 1005, 1013, 1015; *U.S. v. Doherty* (6th Cir. 1997) 126 F.3d 769, 776; *U.S. v. Arnold* (3d Cir. 1997) 106 F.3d 37, 42; *U.S. v. Kidd* (4th Cir. 1993) 12 F.3d 30, 33; *U.S. v. Mitcheltree* (10th Cir. 1991) 940 F.2d 1329, 1342; *U.S. v. Nocella* (1st Cir. 1988) 849 F.2d 33, 37-38.)

The California Supreme Court cited the exception in *People v. Wader* (1993) 5 Cal.4th 610, 654, footnote 7 [20 Cal.Rptr.2d 788, 854 P.2d 80], but noted, "it does not apply when the uncharged offenses are 'logically distinct' from the charged offense." (See *People v. Duren* (1973) 9 Cal.3d 218, 243 [107 Cal.Rptr. 157, 507 P.2d 1365] [illegal possession of concealed firearm "completely unrelated charge" from murder prosecutions based on use of same weapon].)

[5]See *U.S. v. Arnold, supra,* 106 F.3d 37, 41 (similarities of time, place, person, and conduct); *Whittlesey v. State* (1992) 326 Md. 502 [606 A.2d 225] (identity of time, place, and conduct); *U.S. v. Kidd, supra,* 12 F.3d 30, 33 (must derive from the same "factual predicate" as the charged offense); *People v. Spivey* (1993) 245 Ill.App.3d 1018 [186 Ill.Dec. 48, 615 N.E.2d 852] (similar criminal acts, occurring in same location but at different times with different victims were not "extremely closely related").

[6]Perjury could be, we suppose, part of an ongoing charged conspiracy. Fortunately, that difficult case is not the one before us.

a license to intimidate witnesses, solicit the murder of witnesses, suborn or commit perjury, or attempt an escape.

True, the subject of Robert's perjured testimony was his conduct on April 24—also the subject of the charges in the first hearing. But the perjury itself was committed during the December 3 hearing and involved an entirely different time, place, and activity. The act of vandalism is easily distinguishable from the act of lying about it in court. A confession to perjury cannot possibly influence the disposition of an appeal from the original charges, and the confession can simply be excluded from any retrial of those charges in compliance with *Massiah*.

. Judgment affirmed.

Rylaarsdam, J., and Bedsworth, J., concurred.